IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rekindra S. Dowling, *individually and as guardian for T.C., a minor*, <br><br> Plaintiff, <br><br> vs. <br><br> City of Denmark; Leroy Grimes; Bernard Holman; Thomas Collins; and Horace Brunson, <br><br> Defendants. | C/A No. 0:10-805-MBS-PJG <br><br><br> **REPORT AND RECOMMENDATION** |

The defendants removed this action in which the plaintiffs, Rekindra S. Dowling ("Dowling") and her minor child T.C., who are represented by counsel, seek relief pursuant to 42 U.S.C. § 1983. She also raises various state law claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 36.) The plaintiffs filed a response in opposition (ECF No. 50) and the defendants replied (ECF No. 51.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

**BACKGROUND**

This matter arises out Dowling's arrest on a bench warrant for failure to pay traffic fines. The following facts appear to be undisputed. In October of 2008, Dowling appeared in Denmark municipal court before the Honorable Ed Freeman, a municipal judge for the City of Denmark, based on two traffic citations: one for driving under suspension, first degree and one for operating an uninsured vehicle. Dowling was ordered to pay total fines for both tickets in the amount of

*PJG*

$1,007.00. She was permitted by the court to pay the fines on a payment plan which would provide for full payment by January 28, 2009.

Dowling timely paid her first installment on the payment plan on October 31, 2008; however, she failed to pay her next scheduled payment. When no further payment was forthcoming by November 24, 2008, Judge Freeman issued a bench warrant, but instructed his staff at that time to "hold" the warrant until January 28, 2009. When Judge Freeman learned that Dowling had missed her third scheduled payment as well, he removed the warrant from the "holding file" and had it delivered to the Denmark police department to be executed. (Rouse Aff., ECF No. 36-2 at 2; Collins Aff., ECF No. 36-3 at 2.) The warrant contains an anonymous handwritten notation in the upper right corner stating, "Pay by 28, Jan 09."

The bench warrant was executed on January 9, 2009, after Defendants Holman and Brunson, Denmark policemen, saw Dowling being dropped off alone at a local high school basketball game. Knowing of the outstanding warrant, Defendants Holman and Brunson summoned their fellow officer, Defendant Collins, who brought the warrant to the school. Dowling was then arrested, placed in handcuffs, placed in a patrol car, and transported to the Bamberg County Detention Center. During her arrest, Dowling informed the officers that her two-year old child was in the gymnasium. She also informed them of her belief that she had until January 28, 2009 to pay the fines and that the warrant should therefore not be executed. Dowling was released the next day. Although Dowling did not know during her overnight detention what arrangements had been made regarding her child, T.C. in fact remained with and was cared for by relatives.

This action ensued. Through it, the plaintiffs seek damages under 42 U.S.C. § 1983 against the defendants for violation of Dowling's constitutional rights. The Complaint also includes state



law claims of assault and battery, defamation, false imprisonment, false arrest, negligence, negligent supervision, gross negligence, intentional and/or negligent infliction of emotion distress, and civil conspiracy.[1]

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere

---

[1] Plaintiffs withdrew their claims of conversion and loss of companionship at the hearing held September 15, 2010.



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     T.C.'s Claims**

The defendants rightly assert that under these facts, T.C. can assert no viable claim.  The plaintiffs have not responded in any manner to the defendants' showing in this regard.  Having reviewed the record and the parties' memoranda, the court concludes that the defendants are entitled to summary judgment with regard to any claim asserted by T.C.

**C.     Dowling's Claims**

**1.     Fourth Amendment**

**a.     Generally**

A claim based upon an unreasonable seizure of an arrestee or the use of excessive force during an arrest is governed by the Fourth Amendment to the United States Constitution.  See Graham v. Connor, 490 U.S. 386, 394 (1989); Tennessee v. Garner, 471 U.S. 1, 7-8 (1985).  The Fourth Amendment test is an objective one; however, it is not capable of precise definition or mechanical application.  Graham, 490 U.S. at 396-97.  It requires the court to determine "whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397.  The court must balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interest alleged to justify the intrusion.' " Garner, 471 U.S. 1, 8 (1985) (quoting United States v. Place, 462 U.S. 696, 703 (1983)).



Application of this standard "requires careful attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396. The court must determine whether the totality of the circumstances justifies a particular sort of seizure. See Garner, 471 U.S. at 8-9. Reasonableness under the Fourth Amendment should "be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396; see also United States v. Martinez-Fuerte, 428 U.S. 543, 565 (1976) (stating that one purpose of the warrant requirement "is to prevent hindsight from coloring the evaluation of the reasonableness of a search or seizure").

    **b.**    **Arrest**

If a person is arrested pursuant to a facially valid warrant, a claim for false arrest fails as a matter of law. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) (stating that under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant"). Dowling argues that the warrant was facially invalid based on her assertion that a notation was added to the bench warrant that in effect held the bench warrant in abeyance. It is unclear who added this notation, but it states "Pay by 28, Jan 09." (ECF No. 36-3 at 4.) Even if this notation is ambiguous, Dowling's interpretation of its meaning does not render the warrant facially invalid. Moreover, the defendants have presented unrefuted evidence that, regardless of the notation on the warrant, Judge Freeman sent the warrant to the Denmark City Police Department for execution. Earlene Rouse, Clerk of the Denmark City Municipal Court, attested that she "attended the October 27, 2008 hearing at which Judge Edward Freeman and Ms. Dowling agreed on a scheduled payment plan to allow Ms. Dowling additional time to pay the balance of her two October 12, 2008 Traffic Tickets." (ECF No. 36-2 at 1.) Rouse avers that Dowling stated she could not



immediately pay the entire balance. Therefore, Judge Freemen permitted Dowling to make installment payments in the amount of $100 every two weeks over the next two months, with the balance to be paid by January 28, 2009. Rouse attests that Dowling paid $100 on October 31, 2008, but did not make any further payments even after warning notices were sent informing Dowling that failure to remit payment would result in execution of the bench warrant. Finally, Rouse states that Judge Freemen issued a bench warrant for Dowling on November 24, 2008, instructing that it be held until January 28, 2009; however, when Rouse "informed Judge Freeman of the fact that Ms. Dowling had violated their agreement by failing to make scheduled payments, he removed the warrant from the Holding File and sent the warrant to the Denmark City Police Department to serve." (Id. at 2.)

Additionally, South Carolina law appears to require police officers to execute warrants issued by the court.[2]  See Rule 30(c), SCRCrimP ("It is the continuing duty of the sheriff, and of other appropriate law enforcement agencies in the county, to make every reasonable effort to serve bench warrants and to make periodic reports to the court concerning the status of unserved warrants."); S.C. Code Ann. § 14-25-55 ("The chief of police and the police officers of such municipality shall be subject to the orders of the court and shall execute the orders, writs, and mandates thereof and perform such other duties in connection therewith as may be prescribed by the ordinances of the municipality."). Based on the foregoing, no reasonable jury could find that it was unreasonable for the officers to rely on the bench warrant issued for Dowling and to execute the warrant.

---

[2] Moreover, the South Carolina Tort Claims Act immunizes a governmental entity for losses resulting from "execution, enforcement, or implementation of the orders of any court or execution, enforcement, or lawful implementation of any process." S.C. Code Ann. § 15-78-60(3).



### c. Excessive Force

Dowling's allegation of unconstitutional excessive force also fail as a matter of law. Although Dowling's Complaint alleges that she suffered "serious personal injuries" due to the actions of the defendants, the record in this case contains no evidence to support her assertion. On the contrary, Dowling clearly testifies in her deposition that she suffered no physical injury from her arrest and that no excessive force was used. (Dowling Dep. at 27:20-25, 35:6-9, ECF No. 36-7 at 6, 12.) Moreover, to the extent that this claim hinges on Dowling's allegations that she was falsely arrested, this claim must fail because for the reasons stated above, Dowling's false arrest claim is without support. Therefore, the defendants are entitled to summary judgment on this claim as well.

### 2. Constitutional Claims Against Defendants Grimes and City of Denmark

Dowling asserts that the City of Denmark and its police chief, Leroy Grimes, violated her constitutional rights by failing to implement appropriate policies and procedures, and failing to train the arresting officers.

A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 1949. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." Id. at 1957 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense



with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

To the extent that Dowling attempts to assert a claim based on an alleged unconstitutional policy or custom implemented by the City of Denmark or Defendant Grimes that permits such conduct, Dowling has not alleged facts stating a plausible claim for relief under this theory based on circuit precedent. She has pointed to no ordinance, regulation, or written policy regarding the conduct of which she complains. Nor do her allegations show an actionable pattern of unconstitutional conduct to establish a custom or practice for § 1983 purposes. See Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (describing four ways to establish liability for a policy or custom).

### 3. State Law Claims

The remainder of Dowling's claims similarly hinge on the validity of the arrest warrant. Because Dowling's Fourth Amendment claims fail, these additional claims must fail as well. Moreover, even if these claims did not rest on Dowling's assertions that the warrant was invalid, they would fail for the reasons stated in the defendants' memoranda. (See Defs.' Mem. Supp. Summ. J., ECF No 36-1 at 7-9, 12-13; see generally Defs.' Reply Supp. Summ. J., ECF No. 51.)

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 36) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).