IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Rekindra S. Dowling, individually and as guardian for T.C., a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| City of Denmark; Leroy Grimes; Bernard Holman; Thomas Collins; and Horace Brunson, | ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 0:10-805-MBS

**ORDER AND OPINION**

On January 8, 2010, Rekindra S. Dowling and her minor son, T.C., ("Plaintiffs") filed an action in the Court of Common Pleas for Bamberg County, South Carolina against the City of Denmark, South Carolina, the Denmark Police Department, and four individual police officers ("Defendants"). ECF No. 1-1. Plaintiffs stated causes of action under 42 U.S.C. § 1983 for false arrest, excessive force, and failure to implement appropriate policies, customs, and practices. *Id.* Plaintiffs also stated caused of action under the South Carolina Tort Claims Act for false imprisonment, negligence, negligent supervision, and conspiracy. *Id.* Finally, Plaintiffs stated common law causes of action for assault and battery and defamation.[1] *Id.* Defendants removed the action to this Court on March 30, 2010, and filed an answer on April 1, 2010. ECF No. 1 & 5. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

---

[1] Plaintiffs' claims against the Denmark Police Department, as well as Plaintiff Dowling's claims based on a characterization of her minor child as her property, were previously dismissed. ECF No. 20.

1

On January 9, 2011, Defendants moved for summary judgment. ECF No. 36. Plaintiffs responded in opposition on February 26, 2011, and Defendants replied on February 28, 2011. ECF No. 50 & 51. On August 23, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted. ECF No. 60. Plaintiffs objected to the R&R on September 9, 2011. ECF No. 61. Defendants did not file a reply.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* For the reasons set forth below, the Court adopts the Magistrate Judge's R&R and grants Defendants' motion for summary judgment.

**FACTS**

Plaintiffs' claims arise from Plaintiff Dowling's allegedly wrongful arrest, which caused her to be separated from her two-year-old son, T.C., until she was released the following day. The following facts appear to be undisputed. On October 27, 2008, Plaintiff Dowling appeared before Judge Edward Freeman in the Denmark City Municipal Court and agreed to a scheduled plan to pay approximately $1000 that she owed based on two traffic citations. ECF No. 36-2 at 1; ECF No. 1-1 at 6.. Plaintiff Dowling was ordered to pay $100 every two weeks, with the entire $652 balance of her first citation to be paid by January 28, 2009. ECF No. 36-2 at 1. Plaintiff Dowling made the first scheduled payment on October 31, 2008, but missed the second

scheduled payment.  *Id.* at 2.  Plaintiff was warned by the court clerk that a bench warrant would be issued if she failed to make payments.  *Id.*  Plaintiff Dowling promised the clerk that she would pay within a few days but did not do so.  *Id.*  Plaintiff Dowling also failed to make the next scheduled payment.  *Id.*

On November 24, 2008, Judge Freeman issued a bench warrant but instructed the clerk to hold it until January 28, 2009.  *Id.*  Plaintiff Dowling appeared before Judge Freeman on December 8, 2008, and believed based on his statements that the warrant would be held until January 28, 2009.  ECF No. 1-1 at 6.  However, after learning that Plaintiff Dowling had missed another scheduled payment, Judge Freeman delivered the warrant to the Denmark Police Department to be executed.  ECF No. 36-2 at 2.  The warrant contains a handwritten note in the top right corner reading "Pay by 28, Jan 09."  ECF No. 36-3 at 4.

On January 9, 2009, Defendants Holman and Brunson observed Plaintiff Dowling being dropped off alone at a high school basketball game.  ECF No. 36-4 at 2; ECF No. 36-5 at 2.  Defendants Holman and Brunson were aware that there was an outstanding bench warrant for Plaintiff Dowling.  *Id.*  They requested that Defendant Collins bring the warrant to the high school to be executed.  *Id.*; ECF No. 36-3 at 2.  The officers arrested Plaintiff Dowling and transported her to the Bamberg County Detention Center.  *Id.*  Plaintiff Dowling insisted that the issue of the warrant had been resolved before Judge Freeman on December 8, 2008.  ECF No. 1-1 at 6.  The officers noted, however, that the warrant had been sent to the police department after that date.  ECF No. 36-3 at 2-3.  Plaintiff was released the next day without posting bond or attending any hearing.  ECF No. 1-1 at 9.

Plaintiff Dowling's two-year-old son, T.C., was with her at the basketball game.  ECF No. 36-7 at 4.  At the time of Plaintiff Dowling's arrest, T.C. was with family members.  *Id.* at 4-

5.  None of the arresting officers observed a child with Plaintiff Dowling at any time during the arrest.  ECF No. 36-3 at 2; ECF No. 36-4 at 2; ECF No. 36-5 at 2.  During the time Plaintiff Dowling was detained, T.C. was cared for by either Plaintiff Dowling's sister or mother.  ECF No. 36-7 at 9.

## STANDARD OF REVIEW

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather she must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.

## DISCUSSION

A. **The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that under the facts of this case, Plaintiff T.C. could assert no viable claim, and that Plaintiffs had not responded in any way to Defendants' showing on this matter.  ECF No. 60 at 4.  Accordingly, the Magistrate Judge found that Defendants are entitled to summary judgment as to any claim asserted by T.C.  *Id.*

4

The Magistrate Judge noted that claims under the Fourth Amendment for unreasonable seizure or excessive force are governed by an objective standard which requires the court to determine "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); ECF No. 60 at 4.  The Magistrate Judge further noted that if a person is arrested pursuant to a facially valid warrant, a claim for false arrest fails as a matter of law.  *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); ECF No. 60 at 5.  Additionally, the Magistrate Judge found that South Carolina requires police officers to execute warrants issued by the court.  S.C.R. Crim. P. 30(c); ECF No. 60 at 6.

The Magistrate Judge rejected Plaintiffs' argument that the notation on the warrant reading "Pay by 28, Jan 09" rendered the warrant facially invalid.  ECF No. 60 at 5.  The Magistrate Judge also noted that even assuming, per Plaintiffs' allegation, that Defendants were present in court on December 8, 2008, and heard Judge Freeman tell Plaintiff that the warrant would be held until January 28, 2009, unrefuted evidence in the record showed that Judge Freeman delivered the warrant to the police department after this date upon being informed that Plaintiff Dowling continued to miss scheduled payments.  *Id.*  The Magistrate Judge found because Defendants arrested Plaintiff Dowling in reliance on a facially valid warrant, no reasonable jury could find that Defendants acted unreasonably.  *Id.* at 6.  The Magistrate Judge also determined that no reasonable jury could find that Defendants used excessive force in arresting Plaintiff Dowling.  *Id.* at 7.  The Magistrate Judge noted that while Plaintiffs' complaint alleged "serious personal injuries" due to Defendants' actions, Plaintiff Dowling stated in her deposition that she suffered no physical injury and that no excessive force was used.  *Id.*

5

The Magistrate Judge also rejected Plaintiffs' claims that Defendants City of Denmark and its police chief Leroy Grimes violated her constitutional rights by failing to train the arresting officers and failing to implement appropriate policies and procedures. ECF No. 60 at 7. The Magistrate Judge noted that respondeat superior does not give rise to a § 1983 claim, and that therefore "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); ECF No. 60 at 7. The Magistrate Judge also noted that a municipality may be held liable under § 1983 for a policy or custom that results in a violation of the plaintiff's rights. *Lytle v. Doyle*, 326 F.3d 463 at 471 (4th Cir. 2003); ECF No. 60 at 7-8. However, the Magistrate Judge found that Plaintiffs had not alleged facts showing any ordinance, regulation, or policy relevant to the conduct of which they complain or any pattern of unconstitutional conduct to establish a custom or practice. ECF No. 60 at 8. Accordingly, the Magistrate Judge determined that Plaintiffs had not stated a plausible claim for relief, and that no reasonable jury could find that Plaintiffs' rights had been violated. *Id.*

Finally, the Magistrate Judge noted that the remainder of Plaintiffs' claims depend on the invalidity of the arrest warrant. ECF No. 60 at 8. Accordingly, because the Magistrate Judge found that the arrest warrant was facially valid, she rejected these remaining claims. *Id.*

**B.     First Objection**

Plaintiffs assert that "the bench warrant contained a notation on it providing for additional time to make payment prior to being arrested and the arresting officers had prior notice of such additional time to make payment; nevertheless, they arrested [Plaintiff Dowling] with a warrant bearing a notation that would have made an objective officer question such notation." ECF No. 61 at 2-3. Accordingly, Plaintiffs argue that "ambiguity should be

entertained before a jury since it calls attention to whether she was arrested and released from jail under normal circumstances. Thus, warranting a false arrest claim." *Id.* at 3.

As the Magistrate Judge noted, an arrest pursuant to a facially valid warrant can never give rise to an action for false arrest. Plaintiffs argue that because Defendants were present in court on December 8, 2008, and heard Judge Freeman tell Plaintiff Dowling that she had until January 28, 2009, to pay her fine, and because the warrant contained an annotation reading "Pay by 28, Jan 09," Defendants should not have executed the warrant. However, the facts show that Judge Freeman delivered the warrant to be executed at some time after December 8, 2008. As the Magistrate Judge further noted, South Carolina law requires police officers to execute warrants delivered by the court. Accordingly, the evidence shows that the warrant was in fact valid, and under the circumstances no reasonable jury could find that the arresting officers acted unreasonably in executing it.

**C.     Second Objection**

Plaintiffs also contend that "Plaintiff Dowling . . . has demonstrated an issue of significant fact for jury [sic] where she can argue a viable claim since [she] in her deposition describes that she did not know where [her son] was while she was incarcerated," and that "[a]s a result, Plaintiff [Dowling] believes that she has suffered intentional and/or negligent infliction of emotional distress." ECF No. 61 at 2. Plaintiffs did not state a cause of action for intentional or negligent infliction of emotional distress in their complaint, and have not attempted to argue it subsequently. *See* ECF No. 1-1 & 50. Accordingly, Plaintiffs cannot raise the issue at this stage of the proceedings. The Court notes further that Plaintiffs have not presented evidence of emotional distress on the part of Plaintiff Dowling, who stated in her deposition that she had no

lasting adverse effects from her arrest and was not mentally hurt in any way. *See* ECF No. 36-7 at 7. Defendants are entitled to summary judgment on this claim.

**D.    Third Objection**

Plaintiffs further object to the contention that they "ha[ve] not demonstrated in [the] complaint that Defendant City of Denmark has failed to adequate [sic] supervise its employees such as the arresting officers." ECF No. 61 at 3. Plaintiffs "argue that *Ashcroft v. Iqbal*, 129 S. Ct. 1937, (2009) supports the notion that arresting officers must be shown to have violated the Constitutional rights of citizens such as Plaintiff Dowling" and state that "[h]ere, Plaintiff Dowlings [sic] makes specific allegations on all the arresting officers including Defendant Grimes that they have violated her constitutional rights by arresting her outside a valid bench warrant." *Id.* at 3.

Plaintiffs appear to argue that facts that have been "demonstrated" in the complaint are sufficient to survive summary judgment. Plaintiffs cannot survive summary judgment without putting forth evidence to support the allegations in their complaint. Although Plaintiffs continue to allege that the City of Denmark and its police department implemented faulty policies and failed to properly train officers, Plaintiffs have presented no evidence of any policy, custom, or practice of the City of Denmark or its police department, as required by law. Rather, as Plaintiff Dowling admitted in her deposition, the basis of her "allegation that the officers were inadequately supervised" is the fact that "once they were told what the bench warrant said they said basically, I don't care. I'm going to still take you to jail." ECF No. 36-7 at 11. In the absence of any further evidence, no reasonable jury could find that Defendants City of Denmark and police chief Grimes violated Plaintiffs' rights through any unconstitutional policy or failure to train.

8

**E.     Fourth Objection**

Plaintiffs finally object that "all of [Plaintiff Dowling's] state law claims hinged on the validity of the arrest warrant when she was released from jail without a hearing and/or appearance before a judicial officer," and that "Plaintiff [Dowling] believes that had she appeared before a judicial officer that such hearing would have revealed on the record that the arresting officers should have known not to arrest her in the first place." ECF No. 61 at 3.

Plaintiffs must put forth evidence establishing disputed issues of material fact to survive summary judgment. Plaintiff Dowling's speculation as to what might have been said had she been brought before a judicial officer before being released from jail is not evidence. Plaintiffs have had more than one year to develop evidence, yet the only evidence they have put forth to show that Plaintiff Dowling was arrested on an invalid warrant is an anonymous note on the top corner of the bench warrant reading "Pay by 28, Jan 09." As explained above, the evidence shows that Plaintiff Dowling was arrested pursuant to a facially valid warrant, and Plaintiffs have introduced no evidence to the contrary. Because no reasonable jury could find that the warrant was invalid, Defendants are entitled to summary judgment on the remaining state law claims.

**CONCLUSION**

After a *de novo* review of the record in this case, the Court determines that Plaintiffs' objections to the Magistrate Judge's Report and Recommendation are without merit. Accordingly, the Court adopts Magistrate Judge Gossett's Report and Recommendation and incorporates it herein. Defendants' motion for summary judgment is granted.

**IT IS ORDERED.**

9

                                                        s/ Margaret B. Seymour
                                                        Margaret B. Seymour
                                                        United States District Judge

Columbia, South Carolina
September 29, 2011